**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herbert SCHACHTER, Defendant–Appellant.**

No. 01–55810.

D.C. Nos. CV–00–13184–R, CR–94–01030–R.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Herbert Schachter appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the 210–month sentence imposed following his jury conviction for eleven counts of aiding and abetting mail fraud, five counts of inducing transportation of persons in interstate commerce, and six counts of aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1341, 2314, 1956(a)(1)(A)(i), and 2, respectively. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001), and we affirm in part, reverse in part, and remand.

Schachter first contends that counsel was ineffective because counsel failed

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to object to the presentence report's loss calculation for the fraud counts. Schachter argues that his co-defendant's counsel obtained a reduction of the amount of loss attributed to his co-defendant by challenging the loss calculation and contends that he would have received a substantially shorter sentence if his counsel had made similar arguments. We are not persuaded. Schachter, unlike his co-defendant, was the primary perpetrator of the fraudulent scheme and has failed to demonstrate that an objection from counsel would have similarly persuaded the court to reduce the amount of loss attributed to him. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Schachter next contends that counsel was ineffective for not objecting to the improper grouping of the money laundering and fraud counts. As the government correctly concedes, it was erroneous for the district court to group the money laundering and fraud offenses to determine Schachter's offense level. *See United States v. Taylor*, 984 F.2d 298, 303 (9th Cir.1993) (holding that grouping wire fraud and money laundering is not appropriate because they measure harm differently) (*superceded* by U.S.S.G. Amendment 634 (2001)). By not contesting the grouping, counsel's performance fell below an objective standard of reasonableness. *Cf. United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir.1993) (concluding that counsel was ineffective for failing to object to

the government's breach of the plea agreement). Because Schachter's sentence would have been lower, *see Taylor*, 984 F.2d at 303, he was prejudiced by Counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

We therefore reverse the denial of Schachter's section 2255 motion and remand for re-sentencing.[1]

AFFIRMED in part, REVERSED in part, and REMANDED.

---

1. On remand, the district court shall apply the November 1, 1995, version of the guidelines because application of the 2002 version will violate the ex post facto clause. *See United States v. Johns*, 5 F.3d 1267, 1272–73 (1993).

